Curia, per
Johnson, J.
The leading object of this bill is for relief; so that in considering the question of jurisdiction, the case made by the bill will be exclusively regarded, without reference to the matters which arise out of the answer.
In theory the law provides a remedy for any wrong which one man can inflict upon another, and a branch of *equity jurisdiction founded on this theory has grown up, on account of the inapti-tude of the proceedings of a court of law to supply a remedy suited to the precise injury, in a variety of instances: and hence the rule that equity has jurisdiction in all cases where the party injured has not a complete and adequate remedy at Jaw.
*410 There can be no doubt that, by the terms of the contract set out in the bill, the complainant had a right to the possession, and a lien on the negro for the amount advanced; but it is contended, in opposition to this motion, that the complainant has a complete and adequate remedy by an action of assumpsit, or trover, or detinue, and that therefore this court cannot entertain jurisdiction of the cause.
It is amongst the peculiar incidents attached to a pledge or pawn, that the lien created by it depends on the possession of the thing pawned or pledged; and remains so long as the possession continues, and no longer. 1 East, 4. 7 East, 5. 3 Term Rep. 119. 4 Johns. Rep. 112. Nowit is very clear, that neither the action of assumpsit nor trover will restore the complainant to the lien to which he is entitled by the terms of the contract, and of which he has been deprived by the act of the defendant. A recovery would place him on the footing of a general creditor : but his lien is gone ; and in the event of insolvency, he would lose his remedy. The same reasons apply to the remedy by action of detinue, if that action can be maintained : the judgment there is in the alternative, either for the thing in specie or damages; and whether this would or would not prove adequate, would depend on contingencies, about which the court ought not to drive the complainant to speculate, as he must do so at the hazard of an entire loss in the event of insolvency, which is positively alleged in the bill. The wrong complained of in this case is, that the complainant has been, by the acf of the defendant, deprived of a security %which he held, under a contract with him, for the payment of a debt. And it apparent that none of the remedies before alluded to are calculated to restore him fully to his rights; nor am I aware that the courts of law furnish any that will. To the court of equity he must therefore resort.
I have not been able to find any case, nor has any been cited at the bar, which can be regarded as directly in point. The books do however furnish cases which bear, I think, a strong analogy. The case of Kruger v. Wilcox, Amb. 252, is of this class. There lord chancellor Hardwicke remarks, that he had been unable to find any case at law, where a factor who had parted with the possession of goods, on which he had a lien, was allowed to retain it, where the goods had been turned into money; but he adds, “I have no doubt, it would be so in this court, if the goods remained in specie; nor do I doubt its being so, when they are turned into money.” In the case, Ex parte Emery, 2 Ves. Sen. 674, a factor was held to retain a specific lien on goods, although he had parted with the possession. Now although the question of jurisdiction did not arise in these cases, they ascertain rights for which the courts of law furnish no adequate remedy. A court of law could not restore his possession and lien on the goods, nor follow their proceeds, when converted into money, and consequently equity must, according to principle, retain it. The case is therefore ordered back to the chancellor, to be tried on its merits.
Colcock, J. dissented, without assigning reasons.

Decree reversed.